**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| | : CIVIL ACTION |
| MATTHEW GRINAGE AKA KIMBERLY GRINAGE, | : |
| | : Case No. 2:21-cv-00820-CB |
| | : |
| Plaintiff, | : Jury Trial Demanded |
| v. | : |
| | : ***Electronically Filed*** |
| EXTENDED STAY AMERICA, INC.; | : |
| MATTHEW FIGURSKI IN HIS | : |
| INDIVIDUAL CAPACITY, | : |
| | : |
| Defendants. | : |
| | : |

## <u>ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendants ESA MANAGEMENT, LLC ("ESA")[1] and MATTHEW FIGURSKI ("Figurski"), collectively referred to herein as "Defendants", by and through the undersigned counsel, hereby answer Plaintiff's Complaint as follows:

### I.   RESPONSE TO ALLEGATIONS RELATING TO PARTIES, JURISDICTION, AND VENUE

1.      Defendants admit that Plaintiff is an adult individual.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, deny the same.

2.      Defendants deny that Extended Stay America, Inc. is a properly named Defendant in this matter, and thus deny the allegations contained in Paragraph 2 of the Complaint.  By way of further response, the Parties have agreed and stipulated that the correct corporate defendant in this case is ESA Management, LLC, defined above as "ESA."  ESA is a for profit limited liability

---

[1] The Parties have agreed and stipulated that the correct corporate defendant in this action is ESA Management, LLC.

company headquartered in North Carolina. ESA conducts business in Allegheny County, Pennsylvania.

3.      Defendants admit that Figurski is an adult individual, that he is a management level employee at ESA, and that he was previously Plaintiff's supervisor. Defendants lack knowledge or information sufficient to determine what Plaintiff means by the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, deny the same.

4.      The allegations contained in Paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Plaintiff's allegations related to jurisdiction are admitted. Defendants expressly deny that they violated Title VII as alleged in this lawsuit. Defendants deny any and all remaining allegations in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Plaintiff's allegations related to venue are admitted. Defendants expressly deny that they engaged in any unlawful conduct towards Plaintiff. Defendants deny any and all remaining allegations in Paragraph 5 of the Complaint.

## II.      RESPONSE TO FACTUAL ALLEGATIONS

6.      Defendants incorporate by reference their responses to Paragraphs 1 through 5 of the Complaint.

7.      Defendants admit that Plaintiff applied for a position at ESA and spoke with Figurski prior to Plaintiff's hire. Defendants lack knowledge or information sufficient to determine what Plaintiff means by "the position" or specifically when Plaintiff alleges Plaintiff spoke with Figurski, and thus deny any and all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Denied.

9.      Denied.

10.     Denied as stated.  By way of further response, Defendants admit only that Plaintiff did not disclose during Plaintiff's interview with Figurski that Plaintiff was transgender.  The remaining allegations contained in Paragraph 10 of the Complaint are denied.

11.     Defendants lack knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 11 and thus deny the same.

12.     Defendants lack knowledge or information sufficient to determine what Plaintiff means by the allegations set forth in Paragraph 12 of the Complaint and thus deny the same.

13.     Denied.

14.     The document referred to by Plaintiff in Plaintiff's Complaint and attached as Exhibit 1 as the April 10, 2021 Letter is in writing, speaks for itself, and is the best evidence of its contents; therefore, all allegations or characterizations of fact relating to the letter are denied. To the extent Plaintiff alleges that this letter was presented to Figurski on April 10, 2020, Paragraph 14 of the Complaint is denied.  Defendants deny any and all remaining allegations contained in Paragraph 14.

15.     Denied.  By way of further response, Figurski did not make negative comments to Plaintiff about transgender people, and did not threaten Plaintiff's employment for being transgender.

16.     Denied.  By way of further response, Defendant ESA has no record of any complaint by Plaintiff about Figurski to ESA's hotline.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Admitted.  By way of further response, Plaintiff's employment was terminated due to repeated violations of company policy for which Plaintiff was provided warnings.

25.     Denied.  By way of further response, the incident leading to Plaintiff's separation from employment involved Plaintiff demonstrating unacceptable behavior in the face of an emergency situation – specifically, Plaintiff refused to assist a guest who was trapped in her room or call the fire department to respond to the same, and refused requests made by responding firefighters after a guest was forced to call for emergency services instead.  Plaintiff's termination was not related to Plaintiff's clothing or mask, and Defendants are not aware of "people" making complaints regarding the same.

26.     Denied.  To the contrary, Defendants' employees are specifically instructed to contact the police and/or fire department during emergency situations.

27.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 27 of the Complaint and thus deny the same.

28.     Defendants admit only that Plaintiff wore a mask to work that did not appear to be a common paper or cloth mask.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 28 of the Complaint and thus deny the same.

29.     Denied.

30.     Paragraph 30 is a transitional clause and contains no allegations of fact; therefore, a response is not required.

### DENIAL OF COUNT I
**Alleged Hostile Work Environment**
**Grinage v. Extended Stay**

31.     Defendants incorporate by reference their responses to Paragraphs 1 through 30 of the Complaint.

32.     Denied.  Defendants incorporate their responses to Paragraphs 14, 16, and 19-22 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied. Defendants deny any and all remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants deny that Plaintiff was subjected to harassment on the basis of sex. Defendants incorporate their responses to Paragraphs 15, 17, 21 and 23 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 33 of the Complaint.

34.     Defendants deny that Plaintiff was subjected to harassment for being transgender. Defendants incorporate their responses to Paragraphs 14, 16, and 19-22 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 34 of the Complaint.

35.      Defendants deny that Plaintiff was subjected to harassment, severe harassment, and/or a hostile work environment.  Plaintiff's Complaint does not contain a Paragraph 19(c),  and Defendants thus deny all allegations related to the same.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed

necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants deny that Plaintiff was harassed and/or subjected to a hostile work environment.  Defendants incorporate by reference their response to Paragraph 17 of the Complaint.  Defendants lack knowledge or information sufficient to determine what Plaintiff believed and thus deny the same.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 36 of the Complaint.

37.     Defendants deny that Plaintiff was subjected to a hostile work environment. Defendants incorporate by reference their response to Paragraphs 15-18 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants deny that Plaintiff was subjected to a hostile work environment. Defendants incorporate by reference their response to Paragraphs 16, 18-24, and 27 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied. Defendants deny any and all remaining allegations in Paragraph 38 of the Complaint.

39.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT II
**Alleged Retaliation**
**Grinage v. Extended Stay**

40.     Defendants incorporate by reference their responses to Paragraphs 1 through 39 of the Complaint.

41.     Denied.  Defendants incorporate by reference their responses to Paragraphs 15, 17, and 23 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

42.     Denied.  Defendants deny that Plaintiff was subjected to adverse actions due to protected activity.  Defendants incorporate by reference their responses to Paragraphs 16, 18-22 and 25 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

43.     Denied.  Defendants deny that Plaintiff was retaliated against in any manner.  Defendants incorporate by reference their responses to Paragraphs 18, 22, 24 and 27 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

44.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT III
**Alleged Sex Discrimination**
**Grinage v. Extended Stay**

45.     Defendants incorporate by reference their responses to Paragraphs 1 through 44 of the Complaint.

46.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their responses to Paragraph 25 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, Figurski admits only that Plaintiff was terminated.  Defendants deny any and all remaining allegations in Paragraph 46 of the Complaint.

47.     Denied.  Plaintiff was not terminated for being transgender.  Defendants incorporate by reference their responses to Paragraphs 8, 16, 18, 19, and 22-24 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

48.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT IV
**Alleged Sex Discrimination**
**Grinage v. Extended Stay**

49.     Defendants incorporate by reference their responses to Paragraphs 1 through 48 of the Complaint.

50.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, he admits only that Plaintiff was terminated.  Defendants deny any and all remaining allegations  in Paragraph 50 of the Complaint.

51.     Denied.  Plaintiff was not fired for being transgender.  Defendants incorporate by reference their responses to Paragraphs 8, 16, 18, 19, and 22-24 of the Complaint.  This claim is

not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

52.    Denied.  Defendants incorporate by reference their response to Paragraph 27 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

53.    Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT V
**Alleged Religious Discrimination**
**Grinage v. Extended Stay**

54.    Defendants incorporate by reference their responses to Paragraphs 1 through 53 of the Complaint.

55.    Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the remaining allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 55 of the Complaint.

56.    Denied.  Plaintiff's termination was not related to religion.  Further, Figurski does not identify as "Christian," and did not expect Plaintiff to confirm to any purported interpretation of Christianity.  Defendants incorporate by reference their responses to Paragraphs 8 and 22 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

57.     Denied.  Defendants incorporate by reference their response to Paragraph 27 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

58.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT VI
**Alleged Disability Discrimination**
**Grinage v. Extended Stay**

59.     Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint.

60.     Defendants lack knowledge or information sufficient to determine the truth of the allegations and thus deny the same.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants lack knowledge or information sufficient to determine the truth of the allegations and thus deny the same.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.   Defendants deny any and all remaining allegations in Paragraph 61 of the Complaint.

62.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is

deemed necessary, the remaining allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 62 of the Complaint.

63.     Denied.  Plaintiff's termination was not discriminatory, and Plaintiff was not terminated due to complaints about Plaintiff's mask.  Indeed, Defendants are aware of no such complaints.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

64.     Denied.  By way of further response, Plaintiff was not terminated due to complaints about Plaintiff's mask, and Plaintiff was not instructed not to wear a mask.  Indeed, ESA guests and employees were required to wear masks during the COVID-19 pandemic.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

65.     Denied.  Plaintiff was not terminated because of Plaintiff's mask. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

66.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the allegations are denied.

**DENIAL OF COUNT VII**
**Alleged Hostile Work Environment**
**Grinage v. Extended Stay**

67.     Defendants incorporate by reference their responses to Paragraphs 1 through 66 of the Complaint.

68.     Denied.  Defendants incorporate by reference their responses to Paragraphs 14, 16, and 19-22 of the Complaint.  Defendants deny that Plaintiff was subjected to harassment based on

sex.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

69.    Defendants deny that Plaintiff was subjected to harassment.   Defendants incorporate by reference their responses to Paragraphs 15, 17, 21, and 23 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.   Defendants deny any and all remaining allegations in Paragraph 69 of the Complaint.

70.    Defendants deny that Plaintiff was harassed based on transgender status. Defendants incorporate by reference their responses to Paragraphs 14, 16, and 19-22 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied. Defendants deny any and all remaining allegations in Paragraph 70 of the Complaint.

71.    Defendants deny that Plaintiff was subjected to harassment, severe harassment, and/or hostile work environment.  Plaintiff's Complaint does not contain a Paragraph 19(c), and Defendants thus deny all allegations related to the same.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 71 of the Complaint.

72.    Defendants deny that Plaintiff was harassed and/or subjected to a hostile work environment.   Defendants incorporate by reference their response to Paragraph 17 of the Complaint.  Defendants lack knowledge or information sufficient to determine what Plaintiff believed and thus deny the same.  This claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the

allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 72 of the Complaint.

73.     Defendants deny that Plaintiff was subjected to a hostile work environment. Defendants incorporate by reference their response to Paragraphs 15-18 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 73 of the Complaint.

74.     Defendants deny that Plaintiff was subjected to a hostile work environment. Defendants incorporate by reference their response to Paragraphs 16, 18-24, and 27 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied. Defendants deny any and all remaining allegations in Paragraph 74 of the Complaint.

75.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the allegations are denied.

**DENIAL OF COUNT VIII**
**Alleged Retaliation**
**Grinage v. Extended Stay**

76.     Defendants incorporate by reference their responses to Paragraphs 1 through 76 of the Complaint.

77.     Denied.  Defendants incorporate by reference their responses to Paragraphs 15, 17, and 23 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

78.     Denied.  Defendants deny that Plaintiff was subjected to adverse actions due to protected activity.  Defendants incorporate by reference their responses to Paragraphs 16, 18-22 and 25 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

79.     Denied.  Defendants deny that Plaintiff was retaliated against in any manner.  Defendants incorporate by reference their responses to Paragraphs 18, 22, 24 and 27 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

80.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

**DENIAL OF COUNT IX**
**Alleged Sex Discrimination**
**Grinage v. Extended Stay**

81.     Defendants incorporate by reference their responses to Paragraphs 1 through 80 of the Complaint.

82.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, he admits only that Plaintiff was terminated.  Defendants deny any and all remaining allegations in Paragraph 82 of the Complaint.

83.     Denied.  Plaintiff was not terminated for being transgender.  Defendants incorporate by reference their responses to Paragraphs 8, 16, 18, 19, and 22-24 of the Complaint.  This claim

14

is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

84.     Denied.   Plaintiff was not terminated for being transgender.   Defendants incorporate by reference their responses to Paragraphs 8, 16, 18, 19, and 22-24 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

85.     Denied.  Defendants incorporate by reference their response to Paragraph 27 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

86.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the allegations are denied.

## DENIAL OF COUNT X
### Alleged Religious Discrimination
### Grinage v. Extended Stay

87.     Defendants incorporate by reference their responses to Paragraphs 1 through 86 of the Complaint.

88.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, he admits only that Plaintiff was terminated.   Defendants deny any and all remaining allegations in Paragraph 88 of the Complaint.

89.     Denied.  Plaintiff's termination was not related to religion.  Further, Figurski does not identify as "Christian," and did not expect Plaintiff to confirm to any purported interpretation of Christianity.  Defendants incorporate by reference their responses to Paragraphs 8 and 22 of the

Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

90.     Denied.  Defendants incorporate by reference their response to Paragraph 27 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.

91.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

### DENIAL OF COUNT XI
**Alleged Disability Discrimination**
**Grinage v. Extended Stay**

92.     Defendants incorporate by reference their responses to Paragraphs 1 through 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 93 and thus deny the same. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

94.     Defendants lack knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 94 and thus deny the same.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

95.     Defendants admit only that Plaintiff was terminated.  Defendants incorporate by reference their response to Paragraph 25 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is

deemed necessary, he admits only that Plaintiff was terminated.  Defendants deny any and all remaining allegations in Paragraph 95 of the Complaint.

96.     Denied.  Plaintiff's termination was not discriminatory, and Plaintiff was not terminated due to complaints about Plaintiff's mask.  Indeed, Defendants are aware of no such complaints.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

97.     Denied.  By way of further response, Plaintiff was not terminated due to complaints about Plaintiff's mask, and Plaintiff was never instructed not to wear a mask.  Indeed, ESA guests and employees were required to wear masks during the COVID-19 pandemic.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

98.     Denied.  Plaintiff was not terminated because of a mask.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

99.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the allegations are denied.

**DENIAL OF COUNT XII**
**Alleged False Imprisonment**
**Grinage v. All Defendants**

100.    Defendants incorporate by reference their responses to Paragraphs 1 through 99 of the Complaint.

101.    Denied.  Figurski did not detain Plaintiff without Plaintiff's consent. Defendants incorporate by reference their response to Paragraph 18 of the Complaint, and note that Paragraph 18 does not appear to discuss what Plaintiff claims it does in Paragraph 101.

102.    Defendants deny that Plaintiff was detained as described in the Complaint.  By way of further response, Figurski did not detain Plaintiff without Plaintiff's consent.  Defendants further deny that Figurski threatened Plaintiff's employment and/or that Plaintiff initiated an internal investigation against Figurski.  Defendants deny any and all remaining allegations in Paragraph 102 of the Complaint.

103.    Defendants deny that Plaintiff was detained as described in the Complaint.  By way of further response, Figurski did not detain Plaintiff without Plaintiff's consent.  Defendants deny any and all remaining allegations in Paragraph 103 of the Complaint.

104.    Denied.

**DENIAL OF COUNT XIII**
**Alleged Assault**
**Grinage v. All Defendants**

105.    Defendants incorporate by reference their responses to Paragraphs 1 through 104 of the Complaint.

106.    Defendants deny that Figurski engaged in any violent or threatening behavior towards Plaintiff and/or assaulted Plaintiff.  Defendants incorporate by reference their response to Paragraph 18 of the Complaint, and note that Paragraph 18 does not appear to discuss what Plaintiff claims it does in Paragraph 106.  Defendants deny any and all remaining allegations in Paragraph 106 of the Complaint.

107.    Defendants deny that Figurski assaulted Plaintiff or threatened Plaintiff's employment.  Further, Plaintiff did not initiate an internal investigation into Figurski. Defendants deny any and all remaining allegations in Paragraph 107 of the Complaint.

108.    Defendants deny that Figurski assaulted Plaintiff.  Defendants deny any and all remaining allegations in Paragraph 108 of the Complaint.

109.    Denied.

**DENIAL OF COUNT XIV**
**Alleged Negligent Supervision**
**Grinage v. Extended Stay**

110.　Defendants incorporate by reference their responses to Paragraphs 1 through 109 of the Complaint.

111.　The allegations contained in Paragraph 111 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.  This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 111 of the Complaint.

112.　Defendants admit that an employee named Keith lived at the location where Plaintiff was employed.  Defendants deny that his title was "corporate officer."  To the extent Plaintiff alleges that Plaintiff made an HR complaint against Figurski, this allegation is denied. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations contained in Paragraph 112 of the Complaint.

113.　Admitted upon information and belief. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are admitted upon information and belief.

114.　Admitted upon information and belief. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are admitted upon information and belief.

115.　Defendants admit only that Figurski was not on duty at the time of Brian's death. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, he admits only that he was not on duty at the

time of Brian's death.  Defendants deny any and all remaining allegations in Paragraph 115 of the complaint.

116.    Denied. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

117.    Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 117 of the Complaint and thus deny the same. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

118.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 118 of the Complaint and thus deny the same.  Defendants specifically deny the veracity of the alleged statement contained in Paragraph 118 of the Complaint. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

119.    Defendants lack knowledge or information sufficient to determine what Plaintiff believed and thus deny the allegations contained in Paragraph 119 of the Complaint.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

120.    Denied. Defendants deny that Figurski ever made negative comments to Plaintiff regarding sexual orientation.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

121.     Denied.  By way of further response, Figurski did not and does not discriminate against others based on sexual orientation or conformity to gender roles. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

122.     Defendants deny that Figurski has "discriminatory propensities."  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 122 of the complaint.

123.     Defendants deny that Figurski discriminated against, detained, and/or assaulted Plaintiff.  This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 123 of the Complaint.

124.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

**DENIAL OF COUNT XV**
**Alleged Negligent Training**
**Grinage v. Extended Stay**

125.     Defendants incorporate by reference their responses to Paragraphs 1 through 124 of the Complaint.

126.     The allegations contained in Paragraph 126 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.  This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 126 of the Complaint.

127.     Admitted. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are admitted.

128.     Denied.  Defendants incorporate by reference their response to Paragraph 106 of the Complaint, and note that Paragraph 106 does not discuss what Plaintiff claims it does in Paragraph 128.  By way of further response, Figurski did not and does not discriminate against others on the basis of sexual orientation or conformity to gender roles, and at no time expressed the opinions alleged in Paragraph 128. This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied.

129.     Defendants deny that Figurski has "discriminatory propensities."  Defendants incorporate by reference their responses to Paragraphs 100-101 of the Complaint.  Defendants note that Paragraphs 100-101 do not directly relate to Figurski's ability to perform Figurski's employment duties.  This claim is not brought against Figurski, and thus requires no response from Figurski.  To the extent a response from Figurski is deemed necessary, the allegations are denied. Defendants deny any and all remaining allegations in Paragraph 129.

130.     Defendants deny that Figurski discriminated against, detained, or assaulted Plaintiff.  This claim is not brought against Figurski, and thus requires no response from Figurski. To the extent a response from Figurski is deemed necessary, the allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 130 of the Complaint.

131.     Denied.  Further, this claim is not brought against Figurski, and thus requires no response from Figurski.   To the extent a response from Figurski is deemed necessary, the

allegations are denied.  Defendants deny any and all remaining allegations in Paragraph 131 of the Complaint.

In response to the unnumbered paragraph below Paragraph 131 beginning with the word "WHEREFORE," Defendants deny Plaintiff is entitled to any judgment, award, damages, or any other relief.

## FIRST DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's employment with ESA was "at will" and, as such, Plaintiff's employment could be terminated for any reason permissible under the law.

## THIRD DEFENSE

All employment actions taken with respect to Plaintiff, including but not limited to termination of employment, were based on reasonable factors and were taken for legitimate, non-discriminatory and non-retaliatory reasons, and/or for good cause, and were not in violation of any statute, law, regulation, or ordinance.

## FOURTH DEFENSE

Any alleged injury or damage sustained by Plaintiff was caused by Plaintiff's own conduct or other factors not attributable to Defendants.

## FIFTH DEFENSE

Plaintiff is not entitled to any relief under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the PHRA, or any other statute, law, rule, regulation, or ordinance, based on the facts of this case.

## SIXTH DEFENSE

At all times relevant hereto, Defendants acted without any intent to discriminate or retaliate against Plaintiff.

## SEVENTH DEFENSE

Defendant ESA maintained a policy prohibiting discrimination in the workplace and a procedure for the resolution of complaints alleging discrimination and/or harassment, and Plaintiff failed to take advantage of that process.

## EIGHTH DEFENSE

Plaintiff did not engage in protected activity as Plaintiff did not report discrimination, hostile work environment, and/or retaliation, or otherwise failed to take advantage of reporting methods available to them.

## NINTH DEFENSE

If any improper, illegal, or discriminatory actions were taken by ESA's employees against Plaintiff, such actions were outside the course and scope of those employees' employment, contrary to ESA's policies, and not ratified, confirmed, or approved by ESA. Thus, any such actions cannot be attributed or imputed to ESA.

## TENTH DEFENSE

Plaintiff cannot establish a prima facie case relative to any of Plaintiff's claims, nor can Plaintiff sustain Plaintiff's ultimate burden of proof with respect to Plaintiff's claims.

## ELEVENTH DEFENSE

ESA did not have any actual or constructive knowledge of any of the purported harassment or hostile work environment alleged in Plaintiff's Complaint at any time material to the Complaint.

## TWELFTH DEFENSE

In the event this Court or a jury determines that Defendants' actions constitute discrimination or retaliation, which is specifically denied, Defendants reserves the right to assert a mixed motive defense.

### THIRTEENTH DEFENSE

There is no causal connection between any alleged protected conduct engaged in by the Plaintiff and Plaintiff's termination, and there is no evidence of animus by the Defendants against Plaintiff for the exercise of any right protected by Title VII of the Civil Rights Act, Americans with Disabilities Act, Pennsylvania common law, or any other statute, law, rule, regulation, or ordinance.

### FOURTEENTH DEFENSE

Plaintiff cannot establish a prima facie case because any actions or decisions Defendants made were based on legitimate, non-discriminatory reasons; Plaintiff cannot establish that those legitimate, non-discriminatory reasons were pretext for discrimination.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages, and any allegations with respect to these damages should be struck, because Defendant did not intentionally engage in any unlawful employment practices with either malice or reckless disregard for Plaintiff's federally or state-protected rights.

### SIXTEENTH DEFENSE

Defendant is not liable for compensatory or punitive damages because Plaintiff has failed to plead with particularity facts supporting these damages.

### SEVENTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to exercise reasonable diligence to lawfully mitigate or minimize alleged damages. Alternatively, any claim for damages must be reduced by any pay, benefits, or other compensation earned by Plaintiff for any period in question.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or Plaintiff's failure to exhaust administrative remedies.

### NINETEENTH DEFENSE

Awarding compensatory, liquidated, and/or punitive damages to Plaintiff under the facts of this matter would violate the due process clause and/or provisions of the U.S. Constitution and/or the Constitution of the Commonwealth of Pennsylvania.

### TWENTIETH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defenses of estoppel, laches, "unclean hands," or "after-acquired evidence."

### TWENTY-FIRST DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff's common law tort claims must fail to the extent they are barred by the exclusivity provisions of the Pennsylvania Workmen's Compensation Act, P.S. § 481 et seq. (2003).

### TWENTY-SECOND DEFENSE

Defendants deny every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer.

### TWENTY-THIRD DEFENSE

Defendants reserve the right to assert additional defenses as discovery progresses or as warranted by clarification of Plaintiff's claims.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety and that Defendants be reimbursed for all costs and expenses in defending this action, including reasonable attorneys' fees.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Jennifer G. Betts
Jennifer G. Betts, Esquire
PA I.D. # 209699
Jennifer.betts@ogletree.com

Taylor E. Gillan, Esquire
PA I.D. # 322873
taylor.gillan@ogletree.com

One PPG Place, Suite 1900
Pittsburgh, PA  15222
(412) 394-3333

Counsel for Defendants

Dated:

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | : CIVIL ACTION |
| MATTHEW GRINAGE AKA KIMBERLY GRINAGE, | : |
| | : Case No. 2:21-cv-00820-CB |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| EXTENDED STAY AMERICA, INC.; MATTHEW FIGURSKI IN HIS INDIVIDUAL CAPACITY, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2021, I caused Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served via the Court's electronic filing system upon the following:

Mart Harris
The Trial Law Firm, LLC
428 Forbes Avenue, Suite 1700
Pittsburgh, PA 15219
Attorney for Plaintiff

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Jenn G. Betts*
Jenn G. Betts

*Attorney for Defendants*

47932538.1

28